UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SIRINA FIRE PROTECTION CORP.,                    Case No.
                                                 08 Civ. 5484 (SAS)
                        Plaintiff,

         -against-                               **ANSWER**


AMEC CONSTRUCTION MANAGEMENT, INC.

                        Defendant,
-----------------------------------------------------------X

       Defendant AMEC Construction Management, Inc. ("Defendant"), by its attorneys, Holland & Knight LLP, answers the Complaint of plaintiff Sirina Fire Protection Corp. ("Plaintiff") as follows:

       1.    Defendant denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Defendant entered into an agreement with Plaintiff for the performance of certain work on the referenced project (the "Subcontract"), which Subcontract is a written document that serves as the best evidence of its terms.

       2.    Defendant denies each and every allegation contained in paragraph 2 of the Complaint.

       3.    Defendant denies each and every allegation contained in paragraph 3 of the Complaint.

       4.    Defendant denies each and every allegation contained in paragraph 4 of the Complaint.

       5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies each and every allegation contained in paragraph 6 of the Complaint but admits that it is a corporation organized and existing under the laws of the State of Delaware.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies each and every allegation contained in paragraph 9 of the Complaint with respect to the referenced project, except admits that Defendant entered into an agreement with The New York Times Building, LLC, which agreement is a written document that serves as the best evidence of its terms.

10. Defendant denies each and every allegation contained in paragraph 10 of the Complaint and refers to the terms of the Subcontract.

11. Defendant denies each and every allegation contained in paragraph 11 of the Complaint, except admits that the original Subcontract price was $2,900,000 and that Defendant approved certain change orders.

12. Defendant denies each and every allegation contained in paragraph 12 of the Complaint, except admits that there were certain delays to the referenced project for reasons not attributable to Defendant.

13. Defendant denies each and every allegation contained in paragraph 13 of the Complaint, except admits that there was a delay at the beginning of the referenced project for reasons not attributable to Defendant.

14. Defendant denies each and every allegation contained in paragraph 14 of the Complaint.

15. Defendant denies each and every allegation contained in paragraph 15 of the Complaint and refers to the terms of the Subcontract.

16. Defendant denies each and every allegation contained in paragraph 16 of the Complaint and refers to the terms of the Subcontract.

17. Defendant denies each and every allegation contained in paragraph 17 of the Complaint.

18. Defendant denies each and every allegation contained in paragraph 18 of the Complaint.

19. Defendant denies each and every allegation contained in paragraph 19 of the Complaint and refers to the terms of the Subcontract.

20. Defendant denies each and every allegation contained in paragraph 20 of the Complaint.

21. Defendant denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Defendant received certain documentation from Plaintiff seeking additional compensation in connection with the referenced project.

22. Defendant denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Defendant did not make any payment in response to the documentation from Plaintiff seeking additional compensation in connection with the referenced project.

23. Defendant denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Plaintiff performed certain work on the referenced project pursuant change orders issued by Defendant.

24. Defendant denies each and every allegation contained in paragraph 24 of the Complaint.

25. Defendant denies each and every allegation contained in paragraph 25 of the Complaint.

26. Defendant denies each and every allegation contained in paragraph 26 of the Complaint.

27. Defendant denies each and every allegation contained in paragraph 27 of the Complaint and refers to the terms of the Subcontract, except admits that Plaintiff requested payment.

28. Defendant denies each and every allegation contained in paragraph 28 of the Complaint and refers to the terms of the Subcontract, except admits that AMEC has refused to make payment.

29. Defendant denies each and every allegation contained in paragraph 29 of the Complaint, except admits that Defendant refuses to compensate Plaintiff in said amounts.

30. Defendant denies each and every allegation contained in paragraph 30 of the Complaint.

### ANSWERING COUNT 1

31. Defendant repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 31 of the Complaint as if fully set forth herein.

32. Defendant denies each and every allegation contained in paragraph 32 of the Complaint.

33. Defendant denies each and every allegation contained in paragraph 33 of the Complaint.

34. Defendant denies each and every allegation contained in paragraph 34 of the Complaint.

35. Defendant denies each and every allegation contained in paragraph 35 of the Complaint.

36. Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

37. Defendant denies each and every allegation contained in paragraph 37 of the Complaint.

38. Defendant denies each and every allegation contained in paragraph 38 of the Complaint.

## ANSWERING COUNT 2

39. Defendant repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 39 of the Complaint as if fully set forth herein.

40. Defendant denies each and every allegation contained in paragraph 40 of the Complaint.

41. Defendant denies each and every allegation contained in paragraph 41 of the Complaint.

## ANSWERING COUNT 3

42. Defendant repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 42 of the Complaint as if fully set forth herein.

43. Defendant denies each and every allegation contained in paragraph 43 of the Complaint.

44. Defendant denies each and every allegation contained in paragraph 44 of the Complaint.

## ANSWERING COUNT 4

45. Defendant repeats and realleges each and every answer to the paragraphs incorporated by reference in paragraph 45 of the Complaint as if fully set forth herein.

46. Defendant denies each and every allegation contained in paragraph 46 of the Complaint.

47. Defendant denies each and every allegation contained in paragraph 47 of the Complaint.

48. Defendant denies each and every allegation contained in paragraph 48 of the Complaint.

49. Any allegation set forth in the Complaint that has not been expressly admitted is denied herein.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Some or all of Plaintiff's claims are barred due by the statute of frauds.

## THIRD AFFIRMATIVE DEFENSE

3. Some or all of Plaintiff's claims are barred by the no damages for delay provisions of the Subcontract.

## FOURTH AFFIRMATIVE DEFENSE

4. Some or all of Plaintiff's claims are barred by the existence of a valid contract governing the rights of the parties.

### FIFTH AFFIRMATIVE DEFENSE

5.  Some or all of Plaintiff's claims are barred by an accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff is estopped from asserting some or all of the claims set forth in its Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiff's claims are barred due to its own breaches of contract.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff's claims are barred by waiver, payment and release.

### NINTH AFFIRMATIVE DEFENSE

9.  Plaintiff's claims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred to the extent that Defendant has a right of setoff.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Some or all of Plaintiff's claims are barred by Plaintiff's failure to provide notice and documentation as required by the terms of the Subcontract.

### TWELFTH AFFIRMATIVE DEFENSE

12. Any damages allegedly sustained by Plaintiff were caused in whole or in part by Plaintiff's own culpable conduct, as a result of which Plaintiff's claims are barred or diminished in the proportion that such culpable conduct bears to the total culpable conduct that caused its alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by Plaintiff's contributory negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims are barred by failure of consideration.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff has failed to satisfy the necessary conditions precedent to maintaining the causes of action stated against Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims were caused in whole or in part by delays on the part of the owner of the referenced project, for which Defendant is not responsible.

Dated  New York, New York
       August 8, 2008


                                    HOLLAND & KNIGHT, LLP

                                    By: _____
                                        Frederick R. Rohn, Esq. (FR-7920)
                                        Attorneys for AMEC Construction
                                        Management, Inc.
                                        195 Broadway, 24th Floor
                                        New York, New York  10007
                                        (212) 513-3200

# 5532062_v1